UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

———————————————————————
                                                      )
IN RE APPLICATION OF USA PURSUANT    )       ML No: 1-19-ML-01005
TO 18 U.S.C. § 3512 FOR ORDER FOR        )
COMMISSIONER'S APPOINTMENT FOR     )
MISAPPROPRIATION AND FRAUD             )
INVESTIGATION                                      )
———————————————————————)

*Reference:      DOJ Ref. # CRM-182-68496*

APPLICATION OF THE UNITED STATES FOR AN ORDER
FOR A COMMISSIONER'S APPOINTMENT PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel,

respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. § 3512,

appointing the undersigned attorney, Gary Ian Peng, Trial Attorney, Office of International

Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently

designated by the Office of International Affairs), as a commissioner to collect evidence and to

take such other action as is necessary to execute this and any subsequent, supplemental requests

for assistance with the above-captioned criminal matter from Switzerland.  In support of this

application, the United States asserts:

RELEVANT FACTS

1.      The Central Authority of Switzerland, the Federal Office of Justice, submitted a

request for assistance (the Request) to the United States, pursuant to the Treaty between the

United States of America and the Swiss Confederation on Mutual Assistance in Criminal

Matters, Switz.-U.S., May 25, 1973, 27 U.S.T. 2019 (the Treaty).  As stated in the Request, the

Public Prosecutor's Office for the Canton of Basel-Landschaft in Switzerland is investigating

unknown subject(s) for misappropriation and computer fraud, which occurred between on or about January 2014 and on or about February 22, 2019, in violation of the criminal law of Switzerland, specifically, Articles 138 and 147 of the Swiss Criminal Code. Under the Treaty, the United States is obligated to assist in response to the Request.

2.      According to Swiss authorities, Walter Hans Zellweger (Zellweger) defrauded an elderly couple (Victims) by using funds from their bank account to pay his own bills. Victims and Zellweger's romantic partner were neighbors. Due to their difficulties with online banking and deteriorating health, Victims asked Zellweger for assistance with paying their bills online. Starting in January 2014, Victims allowed Zellweger to make payments on their behalf, using their computer to access their bank account online. However, a review of Victims' bank account records showed that numerous transactions were made to pay for Zellweger's expenses, including for his health insurance, credit card debt, apartment rent, and medical bills. In total, Zellweger used approximately 190,000 Swiss Francs (approximately 190,060 USD) from Victims' bank account to pay his own bills, without Victims' permission.

3.      On February 22, 2019, Victims' niece filed a criminal complaint against Zellweger, on behalf of Victims. Swiss authorities executed a search warrant of Zellweger's residence on April 11, 2019 and found documents showing that Zellweger had considerable assets in ChoiceTrade Inc. account number XXXX-XXX-XXXXXXWAZE, located in Puerto Rico, and an ETC Global Holdings account, located in California, both held for the benefit of Walter H. Zellweger. Swiss authorities believe that, based on Zellweger's use of Victims' funds, he may have used their money to contribute to these accounts.

4.      To further the investigation, Swiss authorities have asked U.S. authorities to provide financial records pertaining to the aforementioned ChoiceTrade Inc. account number

XXXX-XXX-XXXXXXWAZE and ETC Global Holdings account.

<u>LEGAL BACKGROUND</u>

5.      A treaty[1] constitutes the law of the land.  U.S. Const. art. VI, cl. 2.  The

provisions of a treaty have equal footing with acts of Congress and are binding on the courts.

See <u>Asakura v. City of Seattle</u>, 265 U.S. 332, 341 (1924); <u>United States v. The Peggy</u>, 5 U.S. 103

(1801); <u>United States v. Emuegbunam</u>, 268 F.3d 377, 389 (6th Cir. 2001).  The provisions of a

treaty should be construed liberally "to give effect to the purpose which animates it."  <u>United</u>

<u>States v. Stuart</u>, 489 U.S. 353 (386) (1989) (internal quotations marks omitted).  To the extent

that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty

supersedes the statute.  <u>Zschernig v. Miller</u>, 389 U.S. 429, 440-41 (1968).

6.      The United States and Switzerland entered into the Treaty to promote more

effective judicial cooperation and assistance between the parties in criminal matters.  <u>See</u> Treaty

pmbl.  The Treaty obligates each party, upon request, to provide assistance to the other in

criminal investigations, prosecutions, and related proceedings, including assistance in serving

documents, obtaining testimony, statements, records, and executing searches and seizures.

Treaty, Article 1.  In addition, the Treaty, like 18 U.S.C. § 3512, authorizes federal courts to use

compulsory measures to further the execution of such requests.  Treaty, Article 31(3) ("The court

. . . to which a request is transmitted . . . shall, when necessary, issue a procedural document in

accordance with its own procedural law to require the attendance and statement or testimony of

persons, or the production or preservation of documents, records or articles of evidence.").

7.      When executing a treaty or non-treaty request for assistance from a foreign

authority, an attorney for the government may file an application to obtain any requisite court

---

[1] The term "Treaty" used herein encompasses bilateral treaties, multilateral conventions, instruments, and protocols.

orders under 18 U.S.C. § 3512.  This section authorizes a federal court to issue such orders and

provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

> *                    *                    *

> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.

> *                    *                    *

> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

8.     Congress enacted this section to make it "easier for the United States to respond

to [foreign] requests by allowing them to be centralized and by putting the process for handling

them within a clear statutory scheme."  155 Cong. Rec. 6,810 (2009) (statement of Sen.

Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat.

2086.[2]  This section provides clear authority for the federal courts, upon application duly

---

[2] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities.  See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were executed prior to enactment of section 3512); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782).  When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations.  See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

authorized by an appropriate official of the Department of Justice, to issue orders that are

necessary to execute a foreign request.

9.      An application is duly authorized by an appropriate official of the Department of

Justice when the Office of International Affairs[3] has reviewed and authorized the request, and

executes the request itself or delegates execution to another attorney for the government.[4]  Upon

such a duly authorized application, Section 3512 authorizes a federal judge[5] to issue "such orders

as may be necessary to execute [the] request," including:  (1) search warrants under Fed. R.

Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers

or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the

taking of testimony or statements and/or the production of documents or other things.  *See* 18

U.S.C. § 3512(a)(1)-(b)(1).  In addition, a federal judge may order any necessary procedures to

facilitate the execution of the request, including any procedures requested by the foreign

authority to facilitate its use of the evidence.  18 U.S.C. § 3512(a)(1).

10.     Section 3512 also authorizes any person appointed to direct the taking of

testimony or statements and/or the production of documents.  The appointed person has authority

to:  (1) issue an order requiring a person to appear and/or produce documents or other things; (2)

administer any necessary oaths; and (3) take testimony or statements and receive documents or

---

[3] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  *See* 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[4] "Section 3512 can be invoked only when authorized by OIA. . . . Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from OIA."  Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

[5] The term "federal judge" includes a magistrate judge.  <u>See</u> 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

other things.  18 U.S.C. § 3512(b)(2).  In ordering a person to appear and/or produce documents

or other things, the person appointed, commonly referred to as the "commissioner," typically

uses a subpoena entitled "Commissioner's Subpoena."  Any such subpoena may be served or

executed anywhere in the United States.  18 U.S.C. § 3512(f).  A sample "Commissioner's

Subpoena" is included as Attachment A.

REQUEST FOR ORDER

11.     The Office of International Affairs has reviewed and authorized the Request, and

is executing the Request itself.  Consequently, this application for an Order appointing the

undersigned attorney as a commissioner to collect evidence and to take such other action as is

necessary to execute the Request has been "duly authorized" within the meaning of Section

3512.  In addition, the Request was submitted by an appropriate "foreign authority," the Federal

Office of Justice, the designated Central Authority in Switzerland and seeks assistance in the

investigation of misappropriation and computer fraud—criminal offenses in Switzerland.  The

requested Order is necessary to execute the Request, and the assistance requested, i.e., the

production of financial records, falls squarely within that contemplated by Section 3512 and the

Treaty.  Finally, this application was properly filed in the District of Columbia.

12.     This application is being made *ex parte*, consistent with U.S. practice in its

domestic criminal matters.

13.     When executing a foreign request for assistance in a criminal matter, both Section

3512 and the Treaty authorize the use of compulsory process comparable to that used in

domestic criminal investigations and/or prosecutions.  Because subpoenas utilized in U.S.

criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to

any person other than the recipient (i.e., no notice to targets or defendants), orders and

6

commissioner subpoenas issued in execution of a foreign request pursuant to Section 3512 and the applicable treaty likewise should require no notice other than to the recipients.  This is true even if the Requesting State, as here, seeks financial records, because the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., including its notice provisions, does not apply to the execution of foreign requests for legal assistance.  <u>Young v. U.S. Dept. of Justice</u>, 882 F.2d 633, 639 (2d Cir. 1989), <u>cert. denied</u>, 493 U.S. 1072 (1990); <u>In re Letters of Request from the Supreme Court of Hong Kong</u>, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); <u>In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti</u>, 669 F. Supp. 403, 407 (S.D. Fla. 1987).  Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person or entity other than the recipient(s) of any given commissioner subpoena.

14.     Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Gary Ian Peng, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently designated by the Office of International Affairs) as a commissioner, authorizing the undersigned to take the actions necessary, including the issuance of commissioner's subpoenas, as needed, to collect the evidence necessary to execute any pending request for assistance and any subsequent, supplemental requests in connection with the same matter, to do so in a manner consistent with the intended use of the evidence.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By: _____

Gary Ian Peng
Trial Attorney
NY Bar Number 4998282
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W., Suite 800
Washington, D.C. 20530
(202) 616-0088
Gary.Peng@usdoj.gov

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                                    )
IN RE APPLICATION OF USA PURSUANT         )
TO 18 U.S.C. § 3512 FOR ORDER FOR              )
COMMISSIONER'S APPOINTMENT FOR        )
*[Insert Nature of Case/Investigation]*               )
                                                                    )
_____)

*Reference:*        *[Insert DOJ#]*
**(Please repeat when responding.)**

COMMISSIONER'S SUBPOENA

TO: *[Insert Name of Entity]*

     I, Commissioner *[Insert Attorney Name]*, Trial Attorney, Office of International Affairs, Criminal Division, U.S. Department of Justice, acting pursuant to 18 U.S.C. § 3512, and this Court's Order signed on *[Insert Date]*, for the purpose of rendering assistance to *[Insert Country]*, command that you provide the following documents regarding (an) alleged violation(s) of the laws of *[Insert Country]*; specifically, *[Insert Name of Offense(s)]*, in violation of Section *[Insert Number]* of the *[Insert Country Adjective] [Criminal][Penal]* Code:

     Provide records to International Affairs Specialist *[Insert Name]* by emailing them to *[Insert Email Address]* or by mailing via FedEx either a paper copy of the records or any commonly used digital storage device loaded with the files to the following mailing address by _____, 20__:

*[Insert IAS Name, Mailing Address, Email Address, and Telephone Number]*

**[[IF THE REQUESTING COUNTRY REQUESTED CONFIDENTIALITY, ADD:]**

     Pursuant to the Court's Order signed on _____, 20__, no notice of this subpoena or its contents is to be given to any person unless otherwise authorized to do so by the Court, except

that _____ may notify *[its/his/her/their]* attorney for the purpose of obtaining legal advice.**]**

      For failure to provide records **[If Applicable Add:** *and/or appear for testimony*], **[If Confidentiality Is Requested, Add:** or for disclosure of the existence of the subpoena,**]** you may be deemed guilty of contempt and liable to penalties under the law.

Date: _____

                                      _____

                                      COMMISSIONER
                                      *[Insert Name]*
                                      Trial Attorney
                                        Office of International Affairs
                                        Criminal Division, Department of Justice
                                        1301 New York Avenue, N.W., Suite 800
                                        Washington, D.C. 20530
                                        (202) *[Insert Number]*
                                        *[Insert Email Address]*